## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| HENRY J. LAVIOLETTE and LUCINDA deRACHEMONT LAVIOLETTE | : <br> : <br> :   CIVIL ACTION NO.: 3:17-cv-02119 |
|     Plaintiffs, | : <br> : |
| v. | : <br> : |
| CBS CORP., individually and as successor in interest to Westinghouse Electric Company, B. F. Sturtevant, Sturtevant, Viacom, Inc., C.H. Wheeler Company, John Bean Pump Company, | : <br> : <br> : <br> : <br> : |
| CRANE COMPANY, individually and as successor to Jenkins Bros., Weinman Pump Manufacturing Co., Pacific Boiler, Chapman Valve Company, Deming Pump, ChemPump & Cochrane Company, | : <br> : <br> : <br> : <br> :   DECEMBER 20, 2017 |
| ERICSSON, INC., as successor in interest to Anaconda Wire & Cable and Continental Wire Co., | : <br> : <br> : |
| FOSTER WHEELER, LLC , survivor to a merger with Foster Wheeler Corporation, individually and as successor in interest to General Regulator Co., | : <br> : <br> : <br> : <br> : |
| GENERAL ELECTRIC COMPANY; OKONITE COMPANY, THE, PHELPS DODGE INDUSTRIES, INC., ROCKBESTOS-SUPRENANT CABLE CORPORATION, THE, f/k/a The Rockbestos Company | : <br> : <br> : <br> : <br> : <br> : |
|     Defendants | : |

_____

## NOTICE OF REMOVAL

Defendant Crane Co. hereby removes this case to the United States District Court for the

District of Connecticut under 28 U.S.C. §§ 1442 and 1446.  In support of this removal, Crane

Co. provides the following short and plain statement:

1.      On or about October 19, 2017, Plaintiffs initiated a multi-party civil action entitled <u>Henry J. Laviolette and Lucinda deRachemont Laviolette v. CBS Corp., et al.</u>, in the Superior Court, Judicial District of Fairfield at Bridgeport**.**  <u>See</u> Service of Process Transmittal, Summons, and Complaint, attached as Exhibit 1.  Crane Co. was served with the summons and complaint on October 19, 2017.  <u>See id.</u>

2.      Plaintiffs' Complaint alleges that Mr. Laviolette was exposed to various asbestos-containing products through his work at Clarostat Manufacturing.  <u>See Id.</u> at ¶5.

3.      On or about November 20, 2017, Plaintiff Henry J. Laviolette served Answers to Defendant's Standard Interrogatories and Requests for Production, in the Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. ASB-FBT-CV17-6067571-S, wherein Plaintiff indicates in response to Interrogatory No. 5 that, in addition to Clarostat Manufacturing, he was previously employed by Portsmouth Naval Shipyard from 1971-1991 as a scaler, buffer, electrician and shop planner.  <u>See</u> Plaintiff's Answers to Defendant's Standard Interrogatories and Requests for Production, attached as Exhibit 2.

4.      Crane Co. is aware that, during the relevant time periods, Portsmouth Naval Shipyard was engaged in the construction and maintenance of ships for the United States Navy. <u>See</u> <u>Roth v. CHA Hollywood Med. Ctr., L.P.</u>, 720 F.3d 1121, 1125 (9th Cir. 2013) (noting that a defendant may "conduct[] its own investigation, even though not required to do so, and discover[] that a case [is] removable.").

5.      The allegation that Mr. Laviolette was exposed to Crane Co. products while performing work on Navy ships as an employee of a United States Navy contractor gives rise to Crane Co.'s federal defense—often referred to as the government-contractor defense. In

short, any product that Plaintiffs allege Crane Co. manufactured for or supplied to the Navy (and any product literature, labeling, or warnings that accompanied that product) would be subject to Navy specifications and requirements. Federal officers exercised their discretion regarding whether (1) asbestos was used in the product, and (2) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy.

6.      Crane Co.'s Notice of Removal is timely under 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing this notice within 30 days of receiving the Plaintiff's Answers to Interrogatories.

7.      The United States Court of Appeals for the Second, Fifth, and Ninth Circuits have all recently held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal on the basis of evidence identical to that submitted here. Cuomo v. Crane Co., 771 F.3d 113 (2d Cir. 2014); Zeringue v. Crane Co., 846 F.3d 785 (5th Cir. 2017); Leite v. Crane Co., 749 F.3d 1117 (9th Cir. 2014).

8.      The right of equipment manufacturers to remove asbestos personal-injury actions involving allegations of exposure on U.S. Navy ships has also been upheld in cases involving other similarly situated defendants by the Third, Fourth, and Seventh Circuits. Papp v. Fore-Kast Sales Co., 842 F.3d 805 (3d Cir. 2016); Sawyer v. Foster Wheeler LLC, 860 F.3d 249 (4th Cir. 2017); Ruppel v. CBS Corp., 701 F.3d 1176 (7th Cir. 2012).

9.      Removal is proper under 28 U.S.C. § 1442(a)(1), where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the Plaintiffs' claims and the defendant's actions under

federal direction; and (4) the defendant has raised a colorable defense based upon federal law. See Mesa v. California, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); Cuomo, 771 F.3d at 115.

10.     Crane Co., as a corporation, qualifies as a "person" for purposes of the statute.  See Winters v. Diamond Shamrock Co., 149 F.3d 387, 398 (5th Cir. 1998).

11.     With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy.  Crane Co. products were designed and manufactured in accordance with precise contracts and specifications approved by the Navy.  See Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5-6, attached as Exhibit 3; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22-32, attached as Exhibit 4.[1]  Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components.  See Sargent Aff., at ¶¶ 26-27, and 32.  Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff., at ¶ 29.  And unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships.  Sargent Aff., at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

12.     In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there is a strong causal nexus between Plaintiffs' claims and Crane Co.'s actions, thereby meeting the third element.  Plaintiffs'

---

[1] Crane Co. provides these affidavits as examples of the evidence it may present on these issues.   Crane Co. may choose to present additional information regarding these issues once the case proceeds.

claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

13.     With respect to the fourth element, Crane Co.'s government-contractor defense is a colorable federal defense to Plaintiffs' claims.   As set forth in the product liability/design defect context by the Supreme Court of the United States in Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988), the government-contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. See also Leite, 749 F.3d 1117 (9th Cir. 2014).[2]

14.     As the Second, Fifth, and Ninth Circuits have all held, Crane Co. has a colorable federal defense because, as detailed above, the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications.   Sargent Aff. at ¶¶ 23-32; Pantaleoni Aff. at ¶¶ 5-6.   The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co.   See Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21-23, attached as Exhibit 5.   The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23-32.   The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and

---

[2] To establish the defense in a failure-to-warn context, the elements are slightly modified to include a showing that (1) the Navy exercised its discretion and approved certain warnings; (2) the defendant provided the warnings required by the Navy; and (3) the defendant warned the Navy about any hazards that were known by it but not by the Navy. Id.

warnings, approving certain warning language and disapproving other language. See Sargent Aff., at ¶ 59 & Exhibit K, Doc. 2-8 (examples of the Navy providing line-by-line edits to the product literature and proposed warning language of equipment manufacturers). Thus, Crane Co. has a colorable federal defense and meets all of the requirements of the federal officer removal statute.

15. As required by § 1446(a), copies of all process, pleadings, and orders served upon Crane Co. are being filed herewith.

16. Under 28 U.S.C. § 1446(d), Defendant Crane Co. is filing written notice of this Notice of Removal with the Superior Court, Judicial District of Fairfield at Bridgeport concurrently with the filing of this Notice of Removal, and will serve the same on counsel of record. A copy of the Notice of Filing Notice of Removal, in the form in which it will be filed and served, is attached as Exhibit 6.

WHEREFORE, Crane Co. prays that the above-captioned case be removed to the United States District Court for the District of Connecticut.

THE DEFENDANT,
CRANE CO.


By: /s/ Gerald A. DeSimone
    Gerald A. DeSimone (ct24973)
    DANAHERLAGNESE, PC
    21 Oak Street, Suite 700
    Hartford, CT  06106
    Phone: (860) 247-3666
    Fax:  (860) 547-1321
    Email: gdesimone@danaherlagnese.com

/1310227.1