# Exhibit 1

| SUMMONS<br>CIVIL (except family actions)<br>JD-CV-1<br>GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52,-45a<br>52-48, 52-259<br>PR. BK. 49, 63, 66 | SUPERIOR COURT<br><br>INSTRUCTIONS | X ONE OF THE FOLLOWING<br>Amount, legal interest or pro-<br>perty in demand, exclusive of<br>interest and costs is<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>(X if applicable)<br>☐ Claiming other relief in addi-<br>tion to or in lieu of money<br>damages. |
|---|---|---|

1. Prepare on typewriter: sign original summons (top sheet) and conform copies of the summons (sheets, 2, 3 and 4).
2. If there are more than two defendants, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officers return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| ☒ JUDICIAL DISTRICT<br>☐ HOUSING SESSION   ☐ G.A. | AT (Town in which writ is returnable)(Gen. Stat. 51-349)<br>Bridgeport | RETURN DATE (Mo., day, yr)<br>11/14/2017 |
|---|---|---|
| ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (GEN. STAT. 51-347, 51-350)(No., st., town & zip code)<br>1061 Main Street, Bridgeport, CT, 06604  (203) 579-6527 | | CASE TYPE(From Judic. Dept. case type list-see back)<br>Major T    Minor 20 |

| PARTIES | NOTE: Individual's Names:<br>Last, First, Middle Initial | NAME AND ADDRESS OF EACH PARTY<br>(No., street, town & zip code) ☒ Form JD-CV-2 attached | PTY NO |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | | Laviolette, Henry J., 441 West Lebanon Road, Lebanon, ME 04027 | 01 |
| Additional Plaintiff | | Laviolette, Lucinda deRachemont, 441 West Lebanon Road, Lebanon, ME 04027 | 02 |
| FIRST NAMED DEFENDANT | | CBS Corp., indiv. and as successor in interest to Westinghouse Electric Co., BF Sturtevant, Viacom, Inc, CH Wheeler, John Bean Pump Company, Corporation Service Company, 50 Weston St., Hartford, CT 06120-1537 | 50 |
| Additional Defendant | | Crane Co., individually and as successor to Jenkins Bros., Weinman Pump Manufacturing Co., Pacific Boiler, Chapman Valve Co., Deming Pump, ChemPump & Cochrane Co., c/o General Counsel, 100 First Stamford Plaza, Stamford, CT 06902 | 51 |
| Additional Defendant | | Ericsson, Inc., as successor in interest to Anaconda Wire & Cable and Continental Wire Co., c/o General Counsel, 6300 Legacy Drive, Plano, TX 75024 | 52 |
| Additional Defendant | | Foster Wheeler, LLC, survivor to a merger with Foster Wheeler Corp., individually and as successor in interest to General Regulator Co., Jack Deones, Perryville Corporate Park, Clintonville, NJ 08809 | 53 |

**NOTICE TO EACH DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an Appearance with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written Appearance form on time, a judgment may be entered against you by default.
6. The Appearance form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>10/19/2017 | SIGNED<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Christopher Meisenkothen |
|---|---|---|---|

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM, OR PLAINTIFF IF PRO SE (No., street, town & zip code)<br>Early, Lucarelli, Sweeney & Meisenkothen, LLC<br>265 Church Street, 11th Floor, New Haven, CT 06510 | TELEPHONE NO.<br>203-777-7799 | JURIS NO. (If atty. or law firm)<br>409080 |
|---|---|---|
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town & zip code)<br>Alphonse Ippolito, Esq., 388 Orange St., New Haven, CT, 06511 | | SIGNATURE OF PLAINTIFF IF PRO SE |

| NO. PLFS.<br>2 | NO. DEFS.<br>8 | NO. CNTS.<br>3 | SIGNED (Official taking recognizance, x proper box)<br>s/417342 | ☒ Commissioner of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED by a CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Complaint, or the service thereof.

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
IN DIFFERENT PERSON

| I hereby certify I have read and understand the above. | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

SUMMONS, Civil

**CIVIL SUMMONS**

**CONTINUATION OF PARTIES**

STATE COURT OF CONNECTICUT
PAGE 2
SUPERIOR COURT

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
Laviolette, Henry J.

FIRST NAMED DEFENDANT
CBS Corp.

| Additional Defendants | |
|---|---|
| NAME *(Last, First, Middle Initial, if individual)*     ADDRESS *(No., Street, Town and Zip Code)* | CODE |
| General Electric Company, CT Corporation System, 67 Burnside Ave., East Hartford, CT 06108 | 54 |
| The Okonite Company, 102 Hilltop Road, Ramsey, NJ 07446 | 55 |
| Phelps Dodge Industries, Inc., CT Corporation System, 67 Burnside Ave., East Hartford, CT 06108 | 56 |
| Rockbestos-Suprenant Cable Corporation, The, f/k/a The Rockbestos Company, Prentice-Hall Corp. System, Inc., 94 Hungerford Road, Hartford, CT 06106 | 57 |
|  | 58 |
|  | 59 |
|  | 60 |
|  | 61 |
|  | 62 |
|  | 63 |
|  | 64 |
|  | 65 |
|  | 66 |
|  | 67 |
|  | 68 |
|  | 69 |
|  | 70 |
|  | 71 |
|  | 72 |
|  | 74 |

| | | |
|---|---|---|
| | 75 | |
| | 76 | |
| | 77 | |
| | 78 | DOCKET NO. |
| | 79 | |

| IN RE: ASBESTOS LITIGATION | |
|---|---|

| | |
|---|---|
| RETURN DATE: NOVEMBER 14, 2017 | : SUPERIOR COURT |
| | : |
| HENRY J. LAVIOLETTE and LUCINDA deRACHEMONT LAVIOLETTE | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| CBS CORP., individually and as successor in interest to Westinghouse Electric Company, B.F. Sturtevant, Sturtevant, Viacom, Inc., C.H. Wheeler Company, John Bean Pump Company, | : |
| CRANE COMPANY, individually and as successor to Jenkins Bros., Weinman Pump Manufacturing Co., Pacific Boiler, Chapman Valve Company, Deming Pump, ChemPump & Cochrane Company, | : |
| ERICSSON, INC., as successor in interest to Anaconda Wire & Cable and Continental Wire Co., | : |
| FOSTER WHEELER LLC, survivor to a merger with Foster Wheeler Corporation, individually and as successor in interest to General Regulator Co., | : |
| GENERAL ELECTRIC COMPANY, | : |
| OKONITE COMPANY, THE, | : |
| PHELPS DODGE INDUSTRIES, INC., | : |
| ROCKBESTOS-SUPRENANT CABLE CORPORATION, THE, f/k/a The Rockbestos Company | : OCTOBER 19, 2017 |

## COMPLAINT

## COUNT I

1. The plaintiff, HENRY J. LAVIOLETTE, is a citizen of the State of Maine and resides at 441 West Lebanon Road, Lebanon, Maine.

2. The plaintiff, LUCINDA deRACHEMONT LAVIOLETTE, is a citizen of the State of Maine and resides at 441 West Lebanon Road, Lebanon, Maine.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants"), named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5. Plaintiff was employed at Clarostat Manufacturing, Inc. from 1949-1971. Such exposure in Connecticut contributed in part or totally to the plaintiff's contraction of asbestos-related mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites in Connecticut where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8. At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9. At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under Section 52-572m, et seq., in one or more of the following ways:

(a) Said asbestos-containing products were unreasonably defective in one or more of the following ways:

1. in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

2. in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

3. in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

(b) The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c) The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12. As a result of the above, the plaintiff is caused to sustain severe, painful and permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and proximately caused by the plaintiff's exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14. As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15. As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16. As a further result of said illness, the plaintiff's earning capacity is impaired.

17. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22. The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively

established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25. Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27. The defendants breached these duties by:

(a) failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b) failing to warn the plaintiff of the dangers to which the plaintiff was exposed when they knew or should have known of the dangers;

(c) failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d) supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e) supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f) failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g) failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h) failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j) generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28. The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, HENRY J. LAVIOLETTE, claims damages.

## COUNT II

(As to Plaintiff, LUCINDA deRACHEMONT LAVIOLETTE, and all Defendants)

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29. As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, LUCINDA deRACHEMONT LAVIOLETTE, claims damages.

## COUNT III

1.- 29. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

30. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

31. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

32. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

33. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 12 of the First Count.

34. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE, HENRY J. LAVIOLETTE and LUCINDA deRACHEMONT LAVIOLETTE, demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

THE PLAINTIFF

BY:   s/ 417342
Christopher Meisenkothen
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
IN DIFFERENT PERSON

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| RETURN DATE: NOVEMBER 14, 2017 | : SUPERIOR COURT |
| HENRY J. LAVIOLETTE and LUCINDA deRACHEMONT LAVIOLETTE | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| CBS CORP., ET AL | : OCTOBER 19, 2017 |

WHEREFORE, the plaintiffs, HENRY J. LAVIOLETTE and LUCINDA deRACHEMONT LAVIOLETTE, claim as to the defendants:

1. Full, fair and just money damages;

2. Punitive and exemplary damages, including attorney's fees;

3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes Sections 52-240a and 52-240b (First Count);

4. Costs of this action.

THE PLAINTIFFS

BY: s/417342
Christopher Meisenkothen
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
IN DIFFERENT PERSON

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| RETURN DATE: NOVEMBER 14, 2017 | : SUPERIOR COURT |
| HENRY J. LAVIOLETTE and LUCINDA deRACHEMONT LAVIOLETTE | : J.D. OF FAIRFIELD |
| VS. | : AT BRIDGEPORT |
| CBS CORP., ET AL | : OCTOBER 19, 2017 |

The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFFS

BY: s/417342
Christopher Meisenkothen
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
IN DIFFERENT PERSON

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080